FARMER, Judge.
Defendant was convicted of simple possession of cocaine in violation of section 893.13(l)(f), Florida Statutes (1991). At the time of his arrest, he was alone in a truck owned by another, and the cocaine was found just underneath and to the side of the driver's seat. He testified that he did not know that the cocaine was there or who put it there but that he did not. The arresting officer testified, however, that upon stopping him for a traffic infraction he twice lied to her about his identification. It turns out that he had no valid driver’s license.
In this possession case, the issue is whether there was sufficient evidence of defendant’s intent to possess the controlled substance. It appears to us that the circumstances of the location — along with the sole, if temporary, possession of the vehicle — and the giving of false information to the arresting officer, provide enough evidence of intent for a jury who did not believe him. State v. Law, 559 So.2d 187 (Fla.1989); and Cochran v. State, 547 So.2d 928 (Fla.1989). We thus affirm his conviction.
We reverse defendant’s sentence of 6 months community control, however, because the trial judge failed to prepare and use a sentencing guidelines scoresheet. See Fla.R.Crim.P. 3.701(d)(13); and Lamb v. State, 532 So.2d 1051 (Fla.1988). On remand the trial judge shall resentence with a fully prepared guidelines scoresheet but shall not increase the sentence originally imposed. The sentencing order shall also reflect that the conviction occurred *638 upon a jury verdict rather than a plea of guilty/nolo contendere.
CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED WITH DIRECTIONS.
DOWNEY, JAMES C., Senior Judge, concurs.
GLICKSTEIN, C.J., dissents with opinion.